FILED ___ LODGED
___ RECEIVED  ✓ COPY
APR 1 7 2013
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

**SEALED**

In the Matter of the Search of:

3838 W Camelback Road Unit 192
Phoenix, Arizona 85019

NO. 13-6202MB

**O R D E R**

**(Filed under seal)**

Pursuant to the motion of the government, and good cause appearing,

**IT IS HEREBY ORDERED** granting the government's Motion to Seal.

**IT IS FURTHER ORDERED** sealing the Application, ~~Search Warrant~~, Affidavit for the search warrant, as well as the government's Motion to Seal and this Order issued by the Court in this matter, pending further order of the Court.

Dated this _____ day of _March_____, 2013.

_____
HONORABLE DAVID K. DUNCAN
United States Magistrate Judge



```
                                                    FILED ___ LODGED
                                                    RECEIVED ___ COPY

                                                    APR 17 2013

                                                    CLERK U S DISTRICT COURT
                                                    DISTRICT OF ARIZONA
                                                    BY_____ DEPUTY
```

JOHN S. LEONARDO
United States Attorney
District of Arizona

KRISTEN BROOK
Assistant U.S. Attorney
Arizona State Bar No. 023121
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
kristen.brook@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

**SEALED**

In the Matter of the Search of:

3838 W Camelback Road Unit 192
Phoenix, Arizona 85019

NO. 13-6202MB

**MOTION TO SEAL**

**(Filed under seal)**

Pursuant to Fed. R. Crim. P. 6(e)(4), the United States of America, by and through counsel undersigned, moves this Court for an order sealing the Application, Search Warrant, Affidavit, and this motion and accompanying order, in the above-captioned matter until further order of the Court, for the reason that disclosure of the information contained therein would jeopardize an ongoing investigation and the safety and operational effectiveness of one or more confidential sources.

It is not expected that excludable delay under 18 U.S.C. § 3161(h) will occur as a result of this motion or an order based thereon.

Respectfully submitted this 20th day of March, 2013.

JOHN S. LEONARDO
United States Attorney
District of Arizona

/s/ KB

KRISTEN BROOK
Assistant U.S. Attorney

# United States District Court
## DISTRICT OF ARIZONA

In the Matter of the Search of

**3838 W Camelback Road Unit 192
Phoenix, Arizona 85019**

CASE NUMBER: 13-6202MB

Application for a Search Warrant

**SEALED**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the District of Arizona:

**See Attachment A, incorporated by reference**

The person or property to be searched, described above, is believed to conceal:

**See Attachment B, incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):
- X evidence of a crime;
- X contraband, fruits of crime, or other items illegally possessed;
- X property designed for use, intended for use, or used in committing a crime;
- X a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __8__ U.S.C. § __1324__, and the application is based on these facts:

**See Attachment C, incorporated by reference**

Delayed notice of ____ days (give exact ending date if more than 30 days: ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Authorized by AUSA Kristen Brook KB

_Applicant's signature_

Nicole Rye, Special Agent
_Printed name and title_

Sworn to before me and signed in my presence.

Date: March 20, 2013

_Judge's signature_

HONORABLE DAVID K. DUNCAN
United States Magistrate Judge

City and state: **Phoenix, Arizona**

## ATTACHMENT A

*DESCRIPTION OF PERSON OR PREMISES TO BE SEARCHED*

3838 W Camelback Road Unit 192, Phoenix, Arizona, 85019

Further described as follows:

This residence is a single-story apartment located in the La Palmilla Apartment complex. The structure is located between Camelback Road and W. Bethany Home Rd on 39th Avenue. The structure faces west and is brick faced, tan in color, with a flat roof and a brick colored door with the numbers 192 attached. The structure has a desert landscape front yard with one small bush on north of the front door. The backyard a patio area enclosed with cinder block walls. A carport is located north of the patio area. The premises to be searched also includes any objects, structures, vehicles, containers, receptacles, appurtenances and/or storage facilities or areas, including its curtilage within which objects and items listed in Attachment B hereto ("Evidence, Fruits and Instrumentalities of Criminal Offenses") could be contained.

## ATTACHMENT B

*DESCRIPTION OF ITEMS TO BE SEARCHED FOR*

1. Records of alien smuggling transactions and activities, including but not limited to documentary records and ledgers; customer and/or contact lists and address and/or telephone books and papers reflecting names, addresses and/or telephone numbers;

2. Undocumented aliens;

3. Currency;

4. Alien smuggling transaction records, customer lists, financial statements, real estate documents, and other evidence of financial transactions relating to obtaining, transferring, secreting or spending various sums of money made from engaging in alien smuggling activities;

6. Bank account records and receipts, vehicle rental agreements and storage facility rental agreements, records of mail services;

7. Airline ticket receipts, bus ticket receipts, vehicle rental receipts, credit card receipts, hotel receipts, travel agency vouchers, long distance telephone call records and other items reflecting domestic and foreign travel; and

8. Maps reflecting smuggling routes, foreign fuel receipts, receipts reflecting travel to and from foreign countries, receipts pertaining to the purchase and registration of load vehicles, showing modifications to and repairs of vehicles, receipts for portable radios, cellular phones, pagers and firearms.

9. Indicia of occupancy, residency, rental and/or ownership of the premises described herein, including, utility and telephone bills, canceled envelopes, rental purchases or lease agreements, and keys;

10. Indicia of ownership or control over any vehicles including, but not limited to, titles, registrations, gas receipts, repair bills, and keys belonging to that vehicle;

11. Any telephone, cellular telephone or digital display paging device found in the location to be searched, including any electronically stored data found in the same, data regarding the crime of alien smuggling, outgoing phone calls, incoming calls, missed calls, phone book memory data, contact names and numbers, call details including call history, electronic mail (email) messages, text messages and text message history, and all digital images, as well as listening to, noting and recording any messages or recordings left on any telephone answering device or recording device found in the location to be searched.

12. Firearms, ammunition and associated firearms paraphernalia.

## ATTACHMENT C

*STATEMENT OF PROBABLE CAUSE*

I, Nicole Rye, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent with U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), currently serving in the Phoenix Field Office, assigned to the Border Enforcement Security Team (BEST), Drop House Response Group (DHRG). Furthermore, as a Special Agent (SA) I am responsible for conducting criminal investigations regarding violations of law committed against the United States.

2. The facts contained in this affidavit are based upon my personal observations, consultation with other agents and law enforcement officers, and a review of the records obtained during this investigation. This affidavit does not contain all facts known by me or other law enforcement about this investigation.

3. Your affiant seeks this search warrant as part of an ongoing investigation into an alien smuggling organization (ASO) operating in Phoenix, Arizona. As detailed later in this affidavit, the ASO uses various residences throughout the Phoenix Metropolitan area to harbor aliens pending their transportation to other cities within the United States.

4. On January 27, 2013, US Border Patrol Agent Vega encountered an individual (hereinafter "SOI") attempting to transport 4 illegal aliens from Phoenix, Arizona to Napa, California. The SOI was not charged in this case. Prior to SOI's release BPA Vega asked him/her to contact BPA Vega if he/she had any information pertaining to the ASO he/she was working with in Phoenix.

5. On February 2, 2013 the aforementioned individual contacted BPA Vega and became a Source of Information. SOI does not have any criminal convictions for misdemeanors or felony crimes. SOI is not receiving any payment for his/her information. SOI relayed the following:

    a. Vehicles bearing tag numbers AZ A54B52, AZ R0748 are operated by members of the ASO and are located at La Palmilla Apartments. The SOI stated that the vehicles are not parked at Unit 192 but spread throughout the complex.

    b. The ASO keeps up to 30 illegal aliens inside Unit 192 at any given time.

6. On February 3, 2013, SA Rye drove through the La Palmilla apartment complex and observed the vehicle bearing AZ license plate R0748 on a Mazda MPV parked in the southeast corner of the parking area. SA Rye then drove by Unit 192 and observed a Hispanic male in the courtyard area of Unit 192.

7. On February 7, 2013 SA's Rye and Stone lawfully installed a Global Positioning System tracking device onto a 2003 Toyota RAV4 pursuant to federal warrant number 13-7033MB. The tracker revealed that between February 8, 2013 and February 14, 2013 the aforementioned vehicle was parked overnight at the La Palmilla Apartments. Additionally, the tracker revealed that the vehicle was parked in the southernmost parking area near Unit #192. Further, at 3:10 am on the morning of February 15, 2013, the vehicle drove directly in front of the carport area of Unit #192. It was parked there for approximately 10 minutes before departing the Phoenix Metropolitan area. The vehicle did not stop on its way out of town.

8. On February 15, 2013 the Toyota RAV4 was stopped in Lubbock Texas by Department

of Public Safety. Inside the RAV4 were six undocumented aliens. The driver was identified as Mauricio Morales-Aguilar. Interviews of the other occupants were conducted. Two of the illegal aliens in the RAV4, Anabel and Mariela Santos-Carbajal were able to identify the location that they were held just prior to departing the Phoenix Metropolitan area, through photographs presented to them by HSI Agents in Lubbock. The photographs were of both the aerial view and façade of the apartment. Anabel and Mariela Santos-Carbajal identified La Palmilla apartment complex Unit #192, as the last place they were held, information substantiated by the RAV4 Tracker.

9. On February 28, 2013, SA's received information from a reliable confidential informant (hereinafter CI) indicating that the La Palmilla Apartments is a location being utilized by the ASO to house both illegal aliens as well as drivers. The CI stated that he was not sure of the apartment numbers but that the ASO has been using apartments in the La Palmilla complex since May of 2012. In your affiant's opinion, the CI has been a reliable HSI source since 2010. The CI has contributed information resulting in the seizure of more than 1000 pounds of marijuana, more than 2 pounds of methamphetamines, at least 4 loads of undocumented aliens and the arrest of both human and drug smugglers. Within the last X years, the CI three felony convictions and no misdemeanor convictions. Prior in time, the CI was convicted for Alien Smuggling, Using an Alias, and Theft and Stolen Property. The CI is not on probation and has no known pending charges.

10. On March 15, 2013, the CI reported that the apartment is active and is still being used as a human stash house. The vehicle tracker is no longer in effect, as the RAV4 was seized

by law enforcement.

11. Based on my training, education, experience, and discussions with other federal agents, I know:

a. That smuggling conspirators keep records of smuggling transactions and activities within their residences or within ready access, such as in offices or storage areas, and conceal such items from law enforcement authorities; also, that the aliens or items smuggled may be moved and transported, but documentary records and ledgers remain;

b. That smuggling conspirators maintain various amounts of currency in their residences in order to finance their ongoing illegal activities and other businesses, as well as using the currency to pay transporters, bills, acquire assets and make purchases;

c. That it is common knowledge that customer lists, financial statements, real estate documents and other evidence of financial transactions relating to obtaining, transferring, secreting or spending various sums of money made from engaging in alien smuggling activities are often contained at persons' residences;

d. That alien smugglers often amass large proceeds and have bank accounts, records and receipts, records of mail services, and that such items are secured within their residences or storage areas for easy access;

e. That a thorough search for information stored in storage media often requires agents to seize most or all storage media to be searched later in a controlled environment. This is

often necessary to ensure the accuracy and completeness of data recorded on the storage media, and to prevent the loss of the data either from accidental or intentional destruction. Additionally, to properly examine the storage media in a controlled environment, it is often necessary that some computer equipment, peripherals, instructions, and software be seized and examined in the controlled environment. This is true because of the following:

1) The nature of evidence. As noted above, not all evidence takes the form of documents and files that can be easily viewed on site. Analyzing evidence of how a computer has been used, what it has been used for, and who has used it requires considerable time, and taking that much time on premises could be unreasonable.

2) The volume of evidence. Storage media can store the equivalent of millions of pages of information. Additionally, a suspect may try to conceal criminal evidence; he or she might store it in random order with deceptive file names. This may require searching authorities to peruse all the stored data to determine which particular files are evidence or instrumentalities of crime. This sorting process can take weeks or months, depending on the volume of data stored, and it would be impractical and invasive to attempt this kind of data search on-site.

3) Technical requirements. Computers can be configured in several different ways, featuring a variety of different operating systems, application software, and configurations. Therefore, searching them sometimes requires tools or knowledge that might not be present on the search site. The vast array of computer hardware and software available makes it difficult to

know before a search what tools or knowledge will be required to analyze the system and its data on-site. However, taking the storage media off-site and reviewing it in a controlled environment will allow its examination with the proper tools and knowledge.

4) Variety of forms of electronic media. Records sought under this warrant could be stored in a variety of storage media formats that may require off-site reviewing with specialized forensic tools.

12. In light of these concerns, I hereby request the Court's permission to seize the computer hardware, storage media, and associated peripherals that are believed to contain some or all of the evidence described in the warrant, and to conduct an off-site search of the hardware for the evidence described, if, upon arriving at the scene, the agents executing the search conclude that it would be impractical to search the hardware, media, or peripherals on-site for this evidence.

13. Because several people may share the residence, it is possible that the residence will contain computers that are predominantly used, and perhaps owned, by persons who are not suspected of a crime. If agents conducting the search nonetheless determine that it is possible that the things described in this warrant could be found on any of those computers or storage media, this application seeks permission to search and if necessary to seize those computers or storage media as well. It may be impossible to determine, on scene, which computers or storage media contain the things described in this warrant.

## CONCLUSION

14. Based upon above mentioned information and my experience and training, I believe that there is probable cause to believe that within the residence designated as 3838 W. Camelback Road Unit #192, Phoenix, Arizona, there are items inside the dwelling that will substantiate the offenses enumerated in this affidavit regarding violations of Title 8 U.S.C. Section 1324(a), et seq., and that evidence and instrumentalities listed in attachment "B" will be found at the residence.

_____
Nicole Rye, Special Agent/Affiant

Sworn to and subscribed before me

this _____ day of _____March_____, 2013.

_____
HON. DAVID K. DUNCAN
United States Magistrate Judge

ORIGINAL
SEALED

FILED ___ LODGED
___ RECEIVED ___ COPY

MAY 2 3 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br>SEARCH WARRANT FOR:<br>3838 W. Camelback Road #192<br>Phoenix, Arizona 85019 | No. 13-6202MB<br><br>**ORDER**<br>(Filed Under Seal) |

   Based upon the United States of America's Motion to Unseal Search Warrant and good cause appearing;

   **IT IS HEREBY ORDERED** granting the government's Motion to Unseal Search Warrant.

   **IT IS FURTHER ORDERED** that the Application for the Search Warrant, the Search Warrant, the affidavit, and any attachments be unsealed for the limited purpose of disclosure.

   Dated this 22nd day of May, 2013.

   _____
   LAWRENCE O. ANDERSON
   United States Magistrate Judge

2



SEALED ORIGINAL

1  JOHN S. LEONARDO
   United States Attorney
2  District of Arizona

3  KRISTEN BROOK
   Assistant U.S. Attorney
   Two Renaissance Square
4  40 N. Central Avenue, Suite 1200
   Phoenix, Arizona 85004-4408
   Telephone (602) 514-7500
5  Arizona State Bar. No. 023121
   kristen.brook@usdoj.gov
6  Attorneys for Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY

MAY 2 3 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

IN RE:

SEARCH WARRANT FOR:

3838 W. Camelback Road #192
Phoenix, Arizona 85019

No. 13-6202MB

**MOTION TO UNSEAL
SEARCH WARRANT**
(Filed Under Seal)

Plaintiff, United States of America, by and through its attorney, Kristen Brook, respectfully moves this Court for an Order unsealing for the limited purpose of disclosure, the search warrant, the application for search warrant, the affidavit and all related attachments in this matter, No. 13-6202MB. On March 20, 2013, the Honorable David K. Duncan granted the government's motion to seal granted the government's motion to seal the search warrant on the basis that public disclosure could jeopardize the government's ongoing investigation and the operational effectiveness of a confidential source. The government has now indicted multiple defendants in this alien smuggling organization detailed in the affidavit.

For that reason, the government respectfully moves this Court for an order unsealing the application for the search warrant and all attachments, for the limited purpose of disclosure.

Respectfully submitted this 21st day of May, 2013.

JOHN S. LEONARDO
United States Attorney
District of Arizona

KRISTEN BROOK
Assistant United States Attorney

```
                FILED     ____ LODGED
                RECEIVED  ____ COPY

                    AUG 1 6 2013

                CLERK US DISTRICT COURT
                  DISTRICT OF ARIZONA
                BY_____DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

SEALED

| IN RE: | |
|---|---|
| SEARCH WARRANT FOR: | No. 13-6202MB |
| 3838 W. Camelback Road Unit #192<br>Phoenix, Arizona 85019 | **ORDER** |

Based upon the United States of America's Motion to Unseal Search Warrant and good cause appearing;

**IT IS ORDERED** granting the government's Motion to Unseal Search Warrant.

**IT IS FURTHER ORDERED** that the Application for the Search Warrant, the Search Warrant, the affidavit, and any attachments, be unsealed for the limited purpose of disclosure.

Dated this 16TH day of August.

_____
STEVEN P. LOGAN
United States Magistrate Judge

2

JOHN S. LEONARDO
United States Attorney
District of Arizona

KRISTEN BROOK
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
Arizona State Bar. No. 023121
kristen.brook@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY

AUG 1 6 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

SEALED

IN RE:

SEARCH WARRANT FOR:

3838 W. Camelback Road Unit #192
Phoenix, Arizona 85019

No. 13-6202MB

**MOTION TO UNSEAL
SEARCH WARRANT**

Plaintiff, United States of America, by and through its attorney, Kristen Brook, respectfully moves this Court for an Order unsealing for the limited purpose of disclosure, the search warrant, the application for search warrant, the affidavit and all related attachments in this matter, No. 13-6202MB. On March 20, 2013, the Honorable David K. Duncan granted the government's motion to seal granted the government's motion to seal the search warrant on the basis that public disclosure could jeopardize the government's ongoing investigation and the operational effectiveness of a confidential source. The government has now indicted multiple defendants in this alien smuggling organization detailed in the affidavit.

For that reason, the government respectfully moves this Court for an order unsealing the application for the search warrant and all attachments, for the limited purpose of disclosure.

Respectfully submitted this 15th day of August, 2013.

JOHN S. LEONARDO
United States Attorney
District of Arizona

KRISTEN BROOK
Assistant United States Attorney